## WILLIAM F. FERGUSON *v.* HEIRS OF PHILEMON THOMAS.

In a suit for the annulment of a judgment decreeing the ownership of land, it is essential that the party seeking the annulment should allege, in his petition, the ownership of the land of which he has been evicted by the judgment he seeks to annul.

In a suit for land which is alleged to be in the possession of A., as agent for B., an absentee, where the agent disclaims any title or possession either in himself or principal, and the residence of the principal is unknown, the appointment of a *curator ad hoc* to represent the absentee is proper; and the judgment thus obtained will be sustained, if legal in other respects.

APPEAL from the District Court of East Baton Rouge, *Burk,* J. J. M. *Brunot,* for plaintiff, contended: This is an action instituted by *Ferguson* against *Thomas,* to annul a judgment which the latter obtained in his favor in a suit heretofore brought, in the late Third District Court, entitled *Thomas* v. *Griffith et al.,* No. 3544. In the suit No. 3544, *Thomas* sought to make *Ferguson* a defendant, by citing *Griffith* for himself and as agent for *Ferguson. Griffith,* in his answer, denies he is agent, and thereupon *Thomas* has a *curator ad hoc* appointed to represent *Ferguson.* Has this curator cited, and thereon discharged his suit entirely, as to *Griffith.* At p. 11 of the Record, this honorable court will find the judgment we now seek to annul, in which the judge of the lower court says: "the defendant, *Griffith,* sued as agent for *William Ferguson,* denied his agency; whereupon, a *curator ad hoc* was appointed to represent *Ferguson* as an absentee, *Griffith* being discharged by the plaintiff from his action."

There was, then, properly speaking, no party before the court, by the original petition and citation. There was no amended petition setting forth the fact,— *Ferguson* was an absentee, and praying leave to cite him in, by the appointment of a *curator ad hoc,*—but simply the answer of *Griffith,* denying he was agent;

whereupon, the court proceeds, with *Thomas'* assent, to take it for granted, and makes an appointment of *J. C. Patterson* as *curator ad hoc.* Let us now enquire, where do we find any petition directed against *Ferguson,* an absentee? The suit directed to *Ferguson* through the person charged to be his agent, it appears, was dismissed by the plaintiff, *Thomas.* How has this suit been revived against *Ferguson,* an absentee? The answer is. not by a petition, praying he be cited through a *curator ad hoc,* but upon the answer of *Griffith,* a co-defendant. A. sues B. for himself, and as agent for C.—and afterwards dismisses his suit as to B. for himself, and as agent for C. Can this suit be regularly revived, save with all the forms observed in the first instance? We think not.

In the case now brought up for the consideration of this honorable court, they will discover one of the greatest legal absurdities, perhaps, ever perpetrated in the course of judicial proceedings.

In the petition filed in suit No. 3544, above alluded to, the plaintiff charges as follows: "One *George Griffith,* residing in the parish of East Baton Rouge, who assumes to act as agent of *William Ferguson,* whose residence is unknown to your petitioner, has taken forcible and illegal possession, &c.,"—"prays *Griffith* be cited for himself, and as agent for *Ferguson*—that he be adjudged the legal owner, &c." In answer to our suit to annul the judgment, or the foregoing averments, the representatives of *Philemon Thomas,* (defendant having died) plead that "by the plaintiff's own showing, if he ever was in possession of the land, &c., he was a trespasser without title, and he has no right to question the judgment which he seeks to annul, unless he alleges and exhibits a title in himself." This thing, called an exception, is sustained by the judge below, and our action of nullity dismissed at our costs. Here we have the doctrine gravely asserted, that although a party may have never been legally brought into court, yet he shall not be permitted to avoid the judgment on this ground, unless he re-opens the controversy on the merits in the original suit.

In conclusion, and in support of the ground we assume in our petition, why the judgment we complain of should be annulled, the following citations are made, viz: *Thayer v. Tudor,* 2d Ann. 1010; *Dupuy v. Hunt et al. Ib.* 562.

The idea, that a stranger owning property in Louisiana, having no agent here, should be divested of his title through a *curator ad hoc,* in a case where the plaintiff dismisses his action as to the real defendant, seems to us altogether inadmissible. If a stranger had asserted rights over lands within the State, and this was alleged and proved, perhaps, for the protection of our own citizens, we might subject him, and the property he claimed to the jurisdiction of the courts. But, in the present instance, the device resorted to, in order to affect *Ferguson,* has neither law or reason on its side. The answer of *Griffith,* and his admission, may bind him, but it certainly cannot be contended they extend to us, and authorise the court to proceed to render a judgment.

*J. M. Elam,* for defendant, contended: To annul the judgment rendered in the suit of *Philemon Thomas v. Griffith et al.,* two grounds of nullity are alleged: 1. The judgment was obtained in an *ex parte* manner, and without any legal service of petition and citation. 2. The court having, in this case, no right to appoint a *curator ad hoc,* and by this mode proceed to judgment.

The only question involved is, the power of the court to appoint a *curator ad hoc* to *Ferguson,* an absentee, and the right of *Thomas* to establish contradictorily with the *curator ad hoc* his title to the land in controversy in that suit, No. 3544. If *Ferguson* had any interest in the land, and being an absentee, without an agent in the State, it was competent for the court to appoint a *curator ad hoc* to defend the same. C. C. art. 57. C. P. art. 196. If he was without any interest in the land the judgment was not prejudicial to him, and he has no right to annul the judgment, or complain as to the mode it was obtained.

In this action, *Ferguson* does not pretend that he has, or that he ever had any title to the land in controversy; therefore, his right to seek the nullity of the judgment was opposed by the following exception: " That, by the plaintiff's own showing, if he ever was in possession of the land described and adjudged to be the property of *Philemon Thomas,* in suit No. 3544, he was a trespasser without. title, and has no right to question the judgment he seeks to annul, unless he alleges and exhibits a title in himself." The district judge sustained the exception, and dismissed the action. Was he right in doing so?

The appellant's counsel, in his printed brief, rests the reversal of the judgment on another distinct ground than those alleged in the petition, or which the exception put at issue, namely, that the judgment which decreed *Thomas* to be the owner of the land against *Ferguson* discharged *Griffith* from the action. *Griffith* was cited for himself, and as the agent of *Ferguson*; appears by answer, and denies that he was agent for *Ferguson*, or that he was in possession of the land. *Griffith* was not thereupon discharged by the plaintiff from his action, as *Ferguson's* counsel supposes, but was continued as a party to the suit until the final judgment, which closes with a decree "that there be judgment in favor of *G. Griffith*, discharging him from this action, with costs." *Griffith* filed his answer 6th June, 1843; on the same day it was " ordered that *J. C. Patterson, Esq.* be appointed *curator ad hoc* to represent *William Ferguson*, the absentee; and he was served with a copy of the proceeding." *John C. Patterson*, as *curator ad hoc*, was, by the order of court, regularly a party to the suit, and filed an answer.

The appellant's counsel cites *Thayer* v. *Tudor*, 2d Ann. 1010, *Dupuy* v. *Hunt et al.*, Ib. 562; and then adds, "The idea that a stranger, owning property in Louisiana, having no agent here, should be divested of his title through a *curator ad hoc*, in a case where the plaintiff dismisses his action as to the real defendant, seems to us altogether inadmissible." We should be under an obligation to the learned counsel to be informed what disposition ought to have been made of *Griffith* in the final judgment but to dismiss him from the action.

Again; appellant's counsel says, "If a stranger had asserted rights over lands within the State, and this was alleged and proved, perhaps, for the protection of our own citizens, we might subject him and his property he claimed to the jurisdiction of the courts." By this we can understand nothing else than *Ferguson* never "had asserted rights over lands within this State;" therefore, he was not subject to the jurisdiction of the courts. And from what follows, it would seem that *Ferguson's* real object, in trying to annul the judgment, is a fear that it will effect his property in another State.

A second and more attentive reading of the case cited, of *Dupuy* v. *Hunt et al.*, will quiet the fears and apprehensions of both *Ferguson* and his counsel. There is no error in the judgment of the district court, and it should be affirmed with costs. If there was error in the judgment in suit No. 3544, the remedy was an appeal, and not by an action of nullity—both were barred by the prescription of two years. C P. arts. 593, 614.

The judgment of the court was pronounced by

EUSTIS, C. J. This action was instituted against *Philemon Thomas*, in his lifetime, for the purpose of having decreed null and void a certain final judgment rendered against the plaintiff, in favor of said *Philemon Thomas*, in the late court of the Third Judicial District. By this judgment, *Thomas* recovered from the plaintiff the possession of a tract of land, with costs, and was quieted in his title to the same.

The grounds of nullity alleged by the plaintiff were, that the judgment was obtained without any legal service of the petition or citation, and that the court which rendered the judgment had no right to appoint a curator to represent the party defendant in the suit. The district judge dismissed the plaintiff's suit, on an exception to the plaintiff's action, taken by the defendants' counsel, that the plaintiff had neither alleged having had possession nor title to the land which was the subject of the judgment. The plaintiff has taken this appeal.

In the suit in which the judgment was rendered, one *Griffith* was charged as being in possession of the land for *Ferguson*, and judgment was prayed for against both *Griffith* and *Ferguson*, as to the possession and ownership of the land. *Griffith* disclaimed any possession or title either for himself or *Ferguson*. *Griffith* was discharged from the suit, and a *curator ad hoc* was appointed to represent *Ferguson*, who was an absentee, residing in Arkansas. The curator appointed filed an answer for *Ferguson*, and the case was regularly tried and judgment rendered on the evidence. The curator had previously accepted

service of the petition and pleadings in the case, and the residence of *Ferguson* was alleged in the petition to be unknown.

The proceedings referred to are annexed to the plaintiff's petition, and are referred to in support of its allegations. The case appears to have been one in which there was a necessity for appointing a representative to an absentee. The suit was instituted in May, 1843, and judgment was not rendered until June, 1845, after a contested trial : and there is no allegation in the plaintiff's petition, that he was not notified of the proceedings. The plaintiff's case is without any equity and the objections taken to the form of the proceedings are quite untenable. There is nothing decided in the cases of *Dupuy* v. *Hunt*, 2d Ann. 1010, and of *Thayer* v. *Tudor*, Ib. 562, which does not support the validity of this judgment.

The judgment of the district court is therefore affirmed, with costs.